**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL NOLL; STEVEN MCCLURE; MARK SUTHERLAND, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> TRAVELCENTERS OF AMERICA LLC, <br><br> Defendant - Appellant. | No. 10-56511 <br><br> D.C. No. 5:10-cv-00589-JHN-AJW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted November 3, 2010
Pasadena, California

Before:  GOODWIN and RAWLINSON, Circuit Judges, and ZOUHARY, District Judge.**

In this case involving the Class Action Fairness Act (CAFA), Appellant

TravelCenters of America (TA) challenges the district court's grant of Appellee

---

  *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  **     The Honorable Jack Zouhary, U.S. District Judge for the Northern District of Ohio, sitting by designation.

Paul Noll's (Noll) motion to remand Noll's class action suit to state court. We affirm.

The district court properly held that TA's notice of removal was untimely, as Noll's original complaint "reveal[ed] a basis for removal." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Noll's complaint alleged that TA misclassified salaried store employees as exempt managerial/executive employees for overtime compensation. Despite sufficient notice of the putative class, TA failed to timely remove the action to federal court as required by CAFA. *See id.*

Because we hold that TA's notice of removal was untimely based on the original complaint's allegations, we need not and do not address TA's challenge to the district court's application of the revival exception to removal or the district court's alternative basis for remanding Noll's action to state court premised on TA's failure to demonstrate the requisite amount in controversy.

**AFFIRMED.**

*Noll v. Travel Centers of America*, *LLC*, Case No. 10–56511
Goodwin, Circuit Judge, concurring:

 I concur in the result but disagree with the grounds set forth by the majority.

The original complaint filed in this case did not state an amount sought in damages, and therefore failed to clearly indicate the amount in controversy. Accordingly, the first thirty-day period for removal under 28 U.S.C. § 1446(b) was not triggered because the $5 million jurisdictional threshold under 28 U.S.C. § 1332(d) was not established on the face of the initial pleading. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694–96 (9th Cir. 2005) ("The first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face."); *Carvalho v. Equifax Info. Servs., LLC*, 615 F.3d 1217, 1225 (9th Cir. 2010) ("Because the face of the initial pleading--Carvalho's superior court complaint--lacked any indication of the amount in controversy, it did not trigger this first thirty-day removal period."). Defendant's understanding of the scope of the class at the time of the initial pleading is irrelevant to this analysis because they had no independent duty to calculate the amount in controversy during this first thirty-day period. *See Harris*, 425 F.3d at 694 ("N]otice of removability under [the first paragraph of] § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

Indeed, a notice of removal cannot be untimely if it first fails to establish "that the case is one which is or has become removable" by proving that federal jurisdiction is present. 28 U.S.C. § 1446(b). Accordingly, the district court should not have started with an analysis of procedural error. Regardless, the district court did not err in finding that defendant's calculation of the amount in controversy was too speculative to support federal jurisdiction. Defendant's calculations relied upon assumed classwide rates of unpaid overtime and missed meal periods that were not supported by allegations in either complaint. *See Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (9th Cir. 2007) ("[W]e cannot base our jurisdiction on Defendant's speculation and conjecture."); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (internal citations omitted); *Abrego v. Dow Chem. Co*, 443 F.3d 676, 685 (9th Cir. 2006) ("We . . . hold that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction"). Accordingly, remand is appropriate here because defendant has failed to meet its burden to establish federal jurisdiction, not because of a procedural defect related to the timing of its notice of removal.

Even if the court were to accept defendant's calculation of the amount in controversy and find jurisdiction present, remand would still be appropriate because

the notice of removal would then have been untimely under § 1446(b)'s second thirty-day period for removal. *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). While neither the initial or amended complaint indicate an amount of unpaid overtime or number missed meal periods for the class as a whole, Noll testified as to his personal rates of unpaid overtime and missed meal periods on June 2, 2009. ER 202, 225–29. To support removal, Defendant relied upon this testimony to estimate the amount in controversy for the entire class. ER 225–29.

Like the district court and the majority, I do not find that the class definition in the original complaint was insufficient to identify that the class included all salaried employees working at defendant's travelcenters in California. Therefore, if we were to accept defendant's classwide calculation of the amount in controversy based on Noll's testimony, defendant's notice of removal in April 2010 would have been untimely under § 1446(b) because it was filed roughly ten months after Noll's deposition. *See Carvalho*, 615 F.3d at 1226 (finding deposition testimony of class representative as to damages sought per class member triggered second thirty-day removal period under § 1446(b) where defendant could multiply stated damages by the number of class members).